

LOMBARD & GELIEBTER LLP
1325 Avenue of the Americas, 28th Fl.
New York, NY 10019

T 212.520.1172
F 646.349.5567

www.LombardIP.com

DARREN M. GELIEBTER
E-MAIL: dgeliebter@lombardip.com
DIRECT DIAL: +1 (212) 520-1172

December 23, 2024

*Via ECF*

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007

      Re:    *Status - One World Filter Corp. ("OWFC") v. Koslow Technologies Corp., et al. ("KTC Parties")*, **Case No. 21-cv-10769-KPF**

Dear Judge Failla:

This joint letter is being submitted by the parties in accordance with Your Honor's Order dated December 11, 2024 (Dkt. #30).

OWFC's Intended Next Steps and Related Context

The Tribunal issued a Partial Final Award on October 28, 2024, and served this Award on the parties via email on October 29, 2024. On November 15, 2024, the Tribunal gave notice that Defendants Koslow Technologies Corporation and Evan Koslow failed to pay their $30,000.00 share of the deposit that was due on September 12, 2024, for Tribunal compensation. (OWFC timely paid its $30,000.00 share on September 12, 2024.) They also advised that, pursuant to Rule R-57 of the Commercial Rules, it is within their discretion to suspend, and eventually terminate the proceedings for lack of payment. Defendants did not submit payment and, on December 16, 2024, AAA's ICDR Director advised that the matter is suspended due to lack of payment.

It is possible that the Tribunal may ultimately terminate arbitration proceedings, under its authority to do so pursuant to AAA Rule R-57(f), but it has not yet done so. Should such termination of proceedings and default occur, OWFC will move to end the stay.

Separately, OWFC is currently contemplating whether to file a motion to vacate the Partial Final Award. Under the Federal Arbitration Act, notice of motion to vacate the award must be served upon the adverse party within three (3) months after the award is filed or delivered, 9 U.S.C. § 12, which in this instance is January 29, 2025 (unless the Partial Final Award is nullified, as referenced in footnote 1). Accordingly, OWFC requests that the action be stayed at least until such

Hon. Katherine Polk Failla
December 23, 2024
Page 2

---

time that OWFC is entitled to file a motion to vacate under Section 12 of the FAA – i.e., until at least January 29, 2025.

       Should the Court decide to lift the stay before then, OWFC requests that the Court retain jurisdiction at least until such time for the Court to hear such motion. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("Finally, staying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the courts.…Keeping the suit on the court's docket makes good sense in light of this potential ongoing role, and it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee to invoke the FAA's procedural protections.")

KTC Parties' Intended Next Steps

       Defendant intends to file a motion to lift the stay once administrative proceedings before the Tribunal have been completed.

Very truly yours,

*/s/ Darren M. Geliebter*

Darren M. Geliebter

*Counsel for One World Filter Corp.*