LOMBARD & GELIEBTER LLP
1325 Avenue of the Americas, 28th Fl.
New York, NY 10019

T  212.520.1172
F  646.349.5567

www.LombardIP.com

DARREN M. GELIEBTER
E-MAIL: *dgeliebter@lombardip.com*
DIRECT DIAL:  +1 (212) 520-1172

January 27, 2025



<u>Via ECF</u>

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007

      Re:    <u>*One World Filter Corp. ("OWFC") v. Koslow Technologies Corp., et al. ("KTC Parties")*, **Case No. 21-cv-10769-KPF**</u>

Dear Judge Failla:

      This firm represents Plaintiff One World Filter Corp. ("OWFC") in the above-referenced matter. Pursuant to Your Honor's Individual Rules of Practice 9(B), OWFC respectfully submits this request to file its Memorandum of Law in Support of Motion to Vacate Arbitration Award and supporting declarations and exhibits under seal.

      In accordance with Your Honor's Individual Rules of Practice, OWFC has filed this Letter Motion and Notice of Motion to Vacate Arbitration Award via ECF publicly and has contemporaneously filed its Memorandum of Law and supporting declarations and exhibits via ECF under seal.

      OWFC seeks the Court's permission to seal, as the information contained within its Memorandum of Law and supporting declarations and exhibits pertains to the confidential arbitration proceedings held in *One World Filter Corporation v. Koslow Technologies Corporation and Evan E. Koslow* (collectively, "KTC"), International Centre for Dispute Resolution ("ICDR"), Case No. 01-22-0001-7885 (the "Arbitration").

      Good cause exists, because the parties agreed, pursuant to their License Agreement, that the "arbitration shall be conducted on a confidential basis." License Agreement, ¶ 5.19. Additionally, Procedural Order No. 1 of the Arbitration also mandates confidentiality of the proceedings, stating:

> No information concerning the Arbitration, beyond the names of the Parties and the relief requested, may be unilaterally disclosed to a third party by any Party or anyone under their

> control unless required by law. Any documentary or other evidence given by a Party or witness in the Arbitration shall be treated as confidential by any participant whose access to such evidence arises exclusively as a result of its participation in the Arbitration, and shall not be disclosed to any third party (other than a witness or expert), except as may be required by law.

Procedural Order No. 1, ¶ 69.

The parties have agreed to be bound by the arbitration agreement in the License Agreement and the terms of the Arbitration. Accordingly, the parties agree that information concerning the Arbitration and evidence given by a Party or witness in the Arbitration shall be treated as confidential. The exhibits attached to the supporting declaration are all documents pertaining to the Arbitration or documents or testimony disclosed during the course of the Arbitration.

Additionally, it is well-settled that on a motion to seal judicial documents, the district court must balance the presumption of public access that attaches to those documents with any "countervailing factors" against the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

Although there "is a common law presumption in favor of permitting public access to judicial documents," "[a] court balances this common law presumption of access against competing comparisons, including the privacy interests of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).

Courts in this District also routinely seal documents to prevent the disclosure of confidential business information. *See*, *e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting a motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning "Playtex's (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products"); *DISH Network L.L.C. vs. ESPN, Inc., et al.*, 09-CV-6875-JGK-FM (S.D.N.Y. 2009), Dkt. 19 (entering a protective order permitting parties to treat as confidential "proprietary information, pricing, rates ... [,] other non-public commercial, financial, research or technical information" and "agreements with third parties, information regarding current or future business or financial transactions, ... [and] rates or planning information"); *Regeneron Pharmaceuticals, Inc. v. Novartis Pharma AG et al.*, No. 20-CV-05502 (AJN), Dkt. 86 (S.D.N.Y. 2021) (granting a motion to seal where the "requests [were] narrowly tailored to protect competitive business information, including the non-public terms of patent licensing agreements, commercial development agreements, and the subsequent amendments."); *see also* Endorsed Letter, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Case No. 14-md-2542 (VSB) (S.D.N.Y. Aug. 12, 2014), Dkt. 91 (granting letter motion to file documents under seal); Endorsed Letter, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Case No. 14-md-2542 (VSB) (S.D.N.Y. Aug. 18, 2014), Dkt. 104 (same).

In addition, courts in this district generally approve leave to seal where the parties are in agreement about the need to seal. *See Automated Management Systems, Inc. v. Rappaport Hertz*

January 27, 2025
Page 3

*Cherson Rosenthal, P.C.*, No. 1:16-CV-04762-LTS-KNF, 2022 WL 1450737 (S.D.N.Y. May 9, 2022).

Accordingly, the following documents should be filed under seal because they contain information that has been expressly designated as confidential by both parties under License Agreement and terms of the Arbitration, and also because they either discuss or contain sensitive business information.

1. Memorandum of Law in Support of Motion to Vacate Arbitration Award; and

2. Declaration of Darren M. Geliebter and exhibits thereto.

For the foregoing reasons, OWFC respectfully requests leave of the Court permitting the Memorandum in Support of Motion to Vacate Award with all supporting declarations and exhibits via ECF to remain under seal.

Very truly yours,

*/s/ Darren M. Geliebter*

Darren M. Geliebter

```
Application GRANTED in part.  The Clerk of Court is directed to file
Plaintiff's memorandum of law in support of the motion to vacate the partial
final award (Dkt. #70), as well as the supporting declaration (Dkt. #71) and
exhibits (Dkt. #72) under seal.

The Court finds that the balance of interests weighs against allowing
Plaintiff to file these documents entirely under seal with no corresponding
publicly available versions with redactions of confidential information.
Accordingly, Plaintiff is hereby ORDERED to confer with Defendants about
redactions, and to file redacted versions of these same documents (Dkt.
#70-72) on the public docket, in accordance with the procedures set forth in
Rules 9(B)-(C) of this Court's Individual Rules of Practice in Civil Cases,
on or before February 18, 2025.

Defendants are hereby ORDERED to file any opposition brief, and documents in
support thereof, in the same manner: one version under seal, and one
redacted version on the public docket (after conferring with Plaintiff
regarding redactions).

The Clerk of Court is further directed to terminate the pending motion at
docket entry 69.
```

SO ORDERED.

Dated: January 28, 2025
New York, New York

*/s/ Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE