

LOMBARD & GELIEBTER LLP
1325 Avenue of the Americas, 28th Fl.
New York, NY 10019

T 212.520.1172
F 646.349.5567

**www.LombardIP.com**

DARREN M. GELIEBTER
E-MAIL: *dgeliebter@lombardip.com*
DIRECT DIAL: +1 (212) 520-1172

January 29, 2025

<u>Via ECF</u>



Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007

   Re: <u>*One World Filter Corp. ("OWFC") v. Koslow Technologies Corp., et al. ("KTC Parties")*, **Case No. 21-cv-10769-KPF**</u>

Dear Judge Failla:

  This firm represents Plaintiff One World Filter Corp. ("OWFC") in the above-referenced matter. Pursuant to Your Honor's Individual Rules of Practice 9(B), OWFC respectfully submits this request to file its Amended Declaration of Darren M. Geliebter in Support of Plaintiff's Motion To Vacate under seal.

  In accordance with Your Honor's Individual Rules of Practice, OWFC has filed this Letter Motion via ECF publicly and has contemporaneously filed its Amended Declaration of Darren M. Geliebter in Support of Plaintiff's Motion To Vacate via ECF under seal.

  OWFC seeks the Court's permission to seal, as the information contained within the Amended Declaration pertains to the confidential arbitration proceedings held in *One World Filter Corporation v. Koslow Technologies Corporation and Evan E. Koslow* (collectively, "KTC"), International Centre for Dispute Resolution ("ICDR"), Case No. 01-22-0001-7885 (the "Arbitration").

  Good cause exists, because the parties agreed, pursuant to their License Agreement, that the "arbitration shall be conducted on a confidential basis." License Agreement, ¶ 5.19. Additionally, Procedural Order No. 1 of the Arbitration also mandates confidentiality of the proceedings, stating:

   No information concerning the Arbitration, beyond the names of the Parties and the relief requested, may be unilaterally disclosed to a third party by any Party or anyone under their control unless required by law. Any documentary or other evidence given by a Party or

> witness in the Arbitration shall be treated as confidential by any participant whose access to such evidence arises exclusively as a result of its participation in the Arbitration, and shall not be disclosed to any third party (other than a witness or expert), except as may be required by law.

Procedural Order No. 1, ¶ 69.

The parties have agreed to be bound by the arbitration agreement in the License Agreement and the terms of the Arbitration. Accordingly, the parties agree that information concerning the Arbitration and evidence given by a Party or witness in the Arbitration shall be treated as confidential.

Additionally, it is well-settled that on a motion to seal judicial documents, the district court must balance the presumption of public access that attaches to those documents with any "countervailing factors" against the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

Although there "is a common law presumption in favor of permitting public access to judicial documents," "[a] court balances this common law presumption of access against competing comparisons, including the privacy interests of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).

Courts in this District also routinely seal documents to prevent the disclosure of confidential business information. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting a motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning "Playtex's (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products"); *DISH Network L.L.C. vs. ESPN, Inc., et al.*, 09-CV-6875-JGK-FM (S.D.N.Y. 2009), Dkt. 19 (entering a protective order permitting parties to treat as confidential "proprietary information, pricing, rates ... [,] other non-public commercial, financial, research or technical information" and "agreements with third parties, information regarding current or future business or financial transactions, ... [and] rates or planning information"); *Regeneron Pharmaceuticals, Inc. v. Novartis Pharma AG et al.*, No. 20-CV-05502 (AJN), Dkt. 86 (S.D.N.Y. 2021) (granting a motion to seal where the "requests [were] narrowly tailored to protect competitive business information, including the non-public terms of patent licensing agreements, commercial development agreements, and the subsequent amendments."); *see also* Endorsed Letter, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Case No. 14-md-2542 (VSB) (S.D.N.Y. Aug. 12, 2014), Dkt. 91 (granting letter motion to file documents under seal); Endorsed Letter, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Case No. 14-md-2542 (VSB) (S.D.N.Y. Aug. 18, 2014), Dkt. 104 (same).

In addition, courts in this district generally approve leave to seal where the parties are in agreement about the need to seal. *See Automated Management Systems, Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 1:16-CV-04762-LTS-KNF, 2022 WL 1450737 (S.D.N.Y. May 9, 2022).

Accordingly, the following documents should be filed under seal because they contain information that has been expressly designated as confidential by both parties under License Agreement and terms of the Arbitration, and also because they either discuss or contain sensitive business information.

1. Amended Declaration of Darren M. Geliebter in Support of Plaintiff's Motion to Vacate.

OWFC is not re-submitting the Notice of Motion, Memorandum of Law, or the exhibits as part of this request. Nothing has changed with respect to the underlying exhibits, or other papers. It is only the Amended Declaration of Darren M. Geliebter that is being filed today in connection with this request to file it under seal.

For the foregoing reasons, OWFC respectfully requests leave of the Court permitting the filing of its Amended Declaration of Darren M. Geliebter in Support of Plaintiff's Motion to Vacate via ECF to remain under seal.

Very truly yours,

Darren M. Geliebter

```
Application GRANTED in part.

The Clerk of Court is directed to file the amended declaration of Darren M.
Geliebter (Dkt. #77) under seal.

In accordance with the Court's January 28, 2025 Order (Dkt. #75), Plaintiff
must file a redacted version of this amended declaration on the public
docket, in accordance with Rules 9(B)-(C) of this Court's Individual Rules
of Practice in Civil Cases, on or before February 18, 2025.

The Clerk of Court is further directed to terminate the pending motion at
docket entry 76.

Dated:     January 30, 2025          SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE