

LOMBARD & GELIEBTER LLP
1325 Avenue of the Americas, 28th Fl.
New York, NY 10019

T 212.520.1172
F 646.349.5567

www.LombardIP.com

DARREN M. GELIEBTER
E-MAIL: *dgeliebter@lombardip.com*
DIRECT DIAL: +1 (212) 520-1172

February 6, 2025

<u>*Via ECF*</u>

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007

    Re: <u>*One World Filter Corp. ("OWFC") v. Koslow Technologies Corp., et al. ("KTC Parties")*, **Case No. 21-cv-10769-KPF**</u>

Dear Judge Failla:

  This firm represents Plaintiff One World Filter Corp. ("OWFC") in the above-referenced matter. Plaintiff hereby requests that the Court, to the extent it has not done so already, lift the stay in this action. Defendants Koslow Technologies Corporation and Evan E. Koslow (collectively, "Defendants") do not consent to this request.

  On October 29, 2024, the arbitration tribunal ("Tribunal") delivered its Partial Final Award ("Award"). *See* 12/10/24 Status Letter (ECF No. 64). The Court ordered the parties to report on their intended next steps, including whether they would seek to lift the stay. (ECF No. 65.) The parties submitted their report, to which the Court ordered: "[T]he stay shall remain in effect until the termination of the arbitration proceeding, at which time the parties shall notify the Court in a joint letter of the proceeding's termination. Should Plaintiff seek to lift the stay and file a motion to vacate the partial final arbitral award, it shall do so on or before January 29, 2025." (ECF No. 67.)

  OWFC filed its motion to vacate on January 27, 2025. (ECF No. 68.) Though OWFC's motion did not include an explicit request to lift the stay, OWFC interpreted the Court's Order to mean that the filing of its motion to vacate would by its nature constitute a request to lift the stay.

  Defendants disagree and have communicated to OWFC that they believe the stay is still in place. Defendants do not consent to this request to lift the stay on the grounds that the arbitration has not been completed and the award is not final. Defendants' opposition is without basis.

February 6, 2025
Page 2

It is well settled that to be final, an arbitration award "must resolve all the issues submitted to arbitration, and...must resolve them definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted*, do not stand in need of further adjudication." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998) (emphasis in original). Importantly, an award is final if the arbitrator has decided all substantive issues submitted to it, and the only remaining determination was to fix the amount of attorney's fees and costs. *Rabinowitz v. Kelman*, 730 F. Supp. 3d 56, 64 (S.D.N.Y. 2024) (collecting cases); *Matter of Arb. Between Advest, Inc. & Asseoff*, No. 92 CIV. 2269 (KMW), 1993 WL 119690, at *6 (S.D.N.Y. Apr. 14, 1993) (confirming award as final where award states that it is in full settlement of all claims submitted except for the request for attorneys' fees).

Here, the Tribunal's Award made determinations of liability and damages on all of the parties' submitted claims and defenses, and awarded costs and expenses, including reasonable attorneys' fees. The amount of these costs and expenses were to be determined after cost submissions were provided by the parties. Award, p. 60, ¶ 293(f) (ECF No. 72 (filed under seal)). The Award states: "Any other claims, counterclaims, or defenses on the merits that are not specifically referenced above are hereby denied on the merits," further reinforcing the completeness and finality of the award. *Id.*, ¶ 294. The Award also states: "The foregoing is a Partial Final Award that *finally* resolves the issues it addresses, with jurisdiction reserved to decide the remaining issues of fees and costs in the Tribunal's final award," again reinforcing the completeness and finality of the award. *Id.* at 61, ¶ 295 (emphasis added).

Thus, it is plain that the Award is final on the substantive issues for which OWFC seeks vacatur and Defendants' position to the contrary is without merit. Finally, Defendants' view that the stay cannot be lifted until "completion" of the arbitration would conflict with OWFC's statutory deadline to move to vacate. "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney *within three months after the award is filed or delivered*." 9 U.S.C. § 12. The statute does not calculate the deadline from the conclusion of the arbitration proceeding. For the Court to be able to consider OWFC's timely motion to vacate, the stay must be lifted.

Accordingly, for the avoidance of doubt, OWFC requests that the stay be lifted, to the extent has not been lifted already.

We thank the Court for its consideration of this request.

Very truly yours,

*Darren M. Geliebter*

Darren M. Geliebter