

600 Summer Street, Stamford, CT 06901
Tel: +1 203-703-0800
Website: www.whipgroup.com

February 10, 2025

<u>*Via ECF*</u>

Hon. Katherine Polk Failla
United States District Court for Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007



Re:    WHIP File 07514-L0007A
       <u>1:21-cv-10769-KPF One World Filter Corporation v. Koslow Technologies
       Corporation</u>

Dear Judge Failla:

This joint status report is being submitted by the parties according to your order at Docket 35 dated May 3, 2022.

Since the parties' last joint status report dated December 23, 2024:

On December 23, 2024, the Court ordered: "[T]he stay shall remain in effect until the termination of the arbitration proceeding, at which time the parties shall notify the Court in a joint letter of the proceeding's termination. Should Plaintiff seek to lift the stay and file a motion to vacate the partial final arbitral award, it shall do so on or before January 29, 2025." (ECF No. 67.)

On January 27, 2025, OWFC filed its motion to vacate the Partial Final Award. (ECF No. 68.)

As previously reported in the parties' December 23, 2024, joint status letter, the arbitration had been suspended after issuance of the Partial Final Award due to nonpayment of arbitration fees. (ECF No. 66.) On January 29, 2025, the Tribunal advised the parties that "the matter has been placed back into active status by the AAA, [and] the Tribunal has an obligation to continue moving the matter ahead towards a conclusion." The Tribunal requested that the parties confer and submit a proposal for fee and cost submissions by 6:00 PM EST on February 7, 2025.

For context as to the finality of the Partial Final Award, the award made determinations of liability and damages on all of the parties' submitted claims and defenses, and awarded costs and expenses, including reasonable attorneys' fees. The amount of these costs and expenses were to be determined after cost submissions were provided by the parties. Partial Final Award, p. 60, ¶ 293(f) (ECF No. 72 (filed under seal)). The Partial Final Award also states: "The foregoing is a Partial Final Award that finally resolves the issues it addresses, with jurisdiction reserved to decide the remaining issues of fees and costs in the Tribunal's final award." *Id.* at 61, ¶ 295.

Following the Tribunal's instructions, KTC sent a proposal to OWFC's counsel regarding fees and costs submissions on February 4, 2025.

On February 5, 2025, OWFC informed the Tribunal that it filed a motion to vacate the Partial Final Award. To that end, OWFC requested the arbitration proceeding with respect to

determination of costs be stayed pending the outcome of the motion to vacate. OWFC expressed that it would be a waste of time and resources to go through the cost submission process when, potentially, any number of outcomes of OWFC's motion to vacate could render any cost submission determinations moot.

KTC opposed a stay of the arbitration, taking the position that OWFC's motion to vacate is premature insofar as the SDNY action is currently stayed pending completion of the Arbitration in which the Tribunal has not yet issued its Final Award. KTC maintains this position and further believes the motion to vacate is premature because either party may seek to challenge the Tribunal's future fee and cost award in this Court.

OWFC responded that it understood the filing of its motion to vacate to constitute a request to lift the stay as well. OWFC said it would file a request to lift the stay to remove any doubt. Accordingly, on February 6, 2025, OWFC filed a letter motion to lift the stay, to the extent it has not been lifted already. (ECF No. 80.) KTC did not consent to the motion.

On February 6, 2025, the Tribunal, after deliberation, stated: "while it is mindful of the underlying litigation, it is equally conscious of its obligation to move this matter ahead." The Tribunal then reiterated its request that the parties confer and submit a proposal for fee and cost submissions by 6:00 PM EST on February 7, 2025.

On February 7, 2025, KTC sent OWFC's counsel a proposed letter to the Tribunal which re-iterated the proposal KTC sent to OWFC on February 4, 2025. OWFC's counsel then wrote to the Tribunal that they were "not available to confer with KTC's counsel by today [February 7, 2025] regarding cost submissions" but nevertheless submitted its proposal regarding fees and costs submissions to the Tribunal. OWFC further requested that the Tribunal reconsider its decision to move ahead with the cost submission process, and instead stay the cost submission portion of the proceedings if and when this Court confirms that the court action is not stayed. Assuming the Court confirms the stay is lifted, OWFC intends to inform the Tribunal as much and reiterate its request to stay the arbitration, as OWFC believes the Tribunal's decision to proceed may have been based on KTC's assertion that the Court action is still stayed.

Separately, the parties have conferred and confirmed that OWFC's motion to vacate and supporting papers filed with this Court (ECF Nos. 70-74, 77 (filed under seal)) are not confidential and OWFC will be filing unredacted copies by February 18, 2025, in accordance with the Court's order. (ECF No. 75, 79.)

Sincerely,

Wesley W. Whitmyer, Jr.
wwhitmyer@whipgroup.com

WWW:MEM
cc:     Alll Counsel (via ECF)

The Court has reviewed Plaintiff's letter regarding the stay (Dkt. #80) and Defendants' status letter in part opposing Plaintiff's letter (Dkt. #82).

By filing a motion to vacate the partial final arbitral award on January 27, 2025 (*see* Dkt. #68), Plaintiff effectively requested to lift the stay in this action in accordance with the Court's December 26, 2024 Order (Dkt. #67).  The stay in this action is lifted.

Furthermore, the motion to vacate is not premature merely because the arbitration tribunal has not yet issued its final award on fees and costs. The partial final award is a final award for purposes of the motion to vacate.  "[C]ourts will typically confirm only final [arbitral] awards, and the 'general rule' is 'that an arbitral determination is not final unless it conclusively decides every point required by and included in the submission of the parties.'"  *Glob. Gold Mining LLC* v. *Caldera Res., Inc.*, 941 F. Supp. 2d 374, 382 (S.D.N.Y. 2013) (quoting *Trade & Transp., Inc.* v. *Nat. Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991)).  However, "courts have repeatedly held that a definitive partial award as to liability is final and confirmable 'where the parties expressly agree to bifurcate liability and damages.'"  *Id.* at 382-83 (quoting *Mitsubishi Heavy Indus., Ltd.* v. *Stone & Webster, Inc.*, No. 08 Civ. 509 (JGK), 2009 WL 3169973, at *5 (S.D.N.Y. Sept. 29, 2009)); *see also Zeiler* v. *Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007) (finding that certain arbitral decisions, which did not dispose of all claims submitted to arbitration, could be confirmed because they had "finally and conclusively disposed of a separate and independent claim" (internal quotation marks omitted)).

The Clerk of Court is directed to terminate the pending motion at docket entry 80.

Dated:     February 11, 2025             SO ORDERED.
           New York, New York

_Katherine Polk Failla_

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE