

LOMBARD & GELIEBTER LLP
1325 Avenue of the Americas, 28th Fl.
New York, NY 10019

T 212.520.1172
F 646.349.5567

www.LombardIP.com

DARREN M. GELIEBTER
E-MAIL: dgeliebter@lombardip.com
DIRECT DIAL: +1 (212) 520-1172

November 7, 2025



*Via ECF*

Hon. Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007

  Re: *One World Filter Corp. ("OWFC") v. Koslow Technologies Corp., et al. ("KTC Parties")*, **Case No. 21-cv-10769-KPF**

Dear Judge Failla:

  Undersigned counsel for Plaintiff One World Filter Corporation submits this joint status report on behalf of the parties in accordance with the Court's October 8, 2025, Order. (ECF No. 102.)

  On October 23, 2025, OWFC filed a Notice of Appeal of the Court's Opinion and Order dated September 24, 2025, denying OWFC's motion to vacate the arbitration award and granting Defendants Koslow Technologies Corporation and Evan E. Koslow's cross-motion to confirm the arbitration award. (ECF No. 100.) The appeal is docketed under Case No. 25-2697 before the U.S. Court of Appeals for the Second Circuit. OWFC has requested that the Court of Appeals set the deadline for its opening appellate brief for February 5, 2026.

  Prior to initiating an appeal, OWFC reported to the Tribunal the status of district court proceedings and its contemplated appeal. At the time, the parties agreed to request that the Tribunal stay any further action in the arbitration at least through November 7, 2025. In turn, the Tribunal ordered the parties to report back to them with a status update by November 11, 2025, or within two business days of further order from the Court, whichever is earlier.

  Accordingly, Plaintiff proposes that the Court stay further district court proceedings pending the outcome of the appeal. Plaintiff also intends to request that the Tribunal stay any further action in the arbitration pending the outcome of the appeal.

  Defendant opposes Plaintiff's request for any further stay of arbitration or district court proceedings, and notes that if Plaintiff wants a stay of judgment, Plaintiff should bond the appeal. Defendant also notes that an award of attorney fees is outstanding in the arbitration and continues to accrue as Plaintiff delays payment of its award.

Very truly yours,

Darren M. Geliebter

The Court has reviewed the parties' above joint letter. (*See* Dkt. #104). Plaintiff's request for a stay of proceedings in this Court pending appeal is DENIED without prejudice to its renewal in light of Plaintiff's failure to articulate the legal and factual bases supporting the Court's ability to stay the matter without posting bond. *See* Fed. R. Civ. P. 62(b); *Tatas v. Ali Baba's Terrace, Inc.*, No. 19 Civ. 10595 (ER), 2025 WL 1190806, at *3 (S.D.N.Y. Apr. 22, 2025) ("A party moving for a stay of the execution of a judgment pending appeal must do so pursuant to Rule 62[.]").

The Court acknowledges its discretion to waive Rule 62(b)'s bond requirement upon application of the so-called *Nassau* factors. *See Tatas*, 2025 WL 1190806, at *3 (citing *In re Nassau County Strip Search Cases*, 783 F.3d 414, 417-18 (2d Cir. 2015)). Here, however, Plaintiff has made no argument regarding the *Nassau* factors, and the Court does not believe a waiver of Rule 62(b)'s bond requirement to be appropriate. Indeed, "[t]he vast majority of courts in this district applying [the *Nassau*] factors have denied a motion to stay enforcement without a supersedeas bond." *Penzo v. Consolidated Edison Co. of N.Y., Inc.*, No. 19 Civ. 7478 (MKV), 2025 WL 369708, at *3 (S.D.N.Y. Feb. 3, 2025) (collecting cases).

Dated: November 10, 2025
      New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE