**INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION**
**International Arbitral Tribunal**

| | |
|---|---|
| **ONE WORLD FILTER CORPORATION**<br><br>       **Claimant**<br><br>- against –<br><br>**KOSLOW TECHNOLOGIES CORPORATION**<br><br>and<br><br>**EVAN E. KOSLOW**<br><br><br>       **Respondents** | **ICDR Case No. 01-22-0001-7885** |

---

**FINAL AWARD**

---

**February 16, 2026**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ....................................................................................................1

      A.   The Merits Award Granted Respondents Their Costs........................................1

      B.   Procedural Order No. 11 ....................................................................................2

      C.   Respondents Provide Their Costs Submission ....................................................2

      D.   OWF Declines to Comment on Respondents' Costs Submission .......................3

III.  RESPONDENTS ARE AWARDED COSTS, BUT NOT INTEREST .........................3

      A.   Respondents' Costs Requests Are Granted.........................................................4

      B.   Respondents' Post-Judgment Interest Request Is Denied ..................................6

IV.   DISPOSITION .......................................................................................................6

### I.    INTRODUCTION

1.    WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named Parties dated June 5, 2017, having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, **AWARD**, as set forth in Section IV below.

2.    This Final Award ("**Costs Award**") is issued pursuant to Rules R-47(c) and R-47(d) of the American Arbitration Association's ("**AAA**") Commercial Arbitration Rules, as Amended and Effective October 1, 2013 ("**Commercial Rules**"), and resolves the costs requested by Respondents Koslow Technologies Corporation and Evan E. Koslow (collectively, "**Respondents**"), following the ruling in the Partial Final Award dated October 28, 2024 ("**Merits Award**"), which (in relevant part) awarded Respondents their costs.

3.    For the reasons that Section II below explains, Respondents are awarded total costs of $1,064,598.54.

4.    The full disposition is set forth in Section IV below.

### II.    BACKGROUND

5.    The full background to this dispute is set forth in detail in the Merits Award, which is fully incorporated into this Costs Award, so only those background facts necessary to understand this Costs Award are repeated here.

#### A.    The Merits Award Granted Respondents Their Costs

6.    In Sections IV.E and V of the Merits Award, the Tribunal awarded Respondents their costs, including reasonable attorney fees.

7.    The Tribunal noted in the Merits Award, however, that it was not determining the amount of those costs at that time, which it would do after Respondents had been afforded an opportunity to provide written costs submissions, and after Claimant One World Filter Corporation ("**OWF**") had been given an opportunity to comment on those costs submissions, pursuant to a schedule that the Tribunal would set in consultation with the Parties.

### B.      Procedural Order No. 11

8.     The Tribunal set that submission schedule in Procedural Order No. 11, which was dated November 14, 2025.

9.     Specifically, the Tribunal directed that:

   a.     Respondents "provide their costs submissions to the Tribunal and OWF no later than twenty-one business days" from the date of Procedural Order No. 11; and

   b.     OWF provide any comments it might have to Respondents' Costs Submission no more than fourteen business days from the date the Tribunal received Respondents' Costs Submission.[1]

10.    The Tribunal also set forth various requirements for Respondents' Costs Submission in Procedural Order No. 11.[2]

### C.      Respondents Provide Their Costs Submission

11.    On December 4, 2025, Respondents provided their Costs Submission.

12.    In that Costs Submission, Respondents sought total costs of $1,068,021.04, which was comprised of:

   a.     $763,300.33 in attorney fees for the years 2022 through 2025;

   b.     $76,826.16 in disbursements for 2023 and 2024; and

   c.     $227,894.55 for its 50% share of fees assessed by the AAA's International Centre for Dispute Resolution ("**ICDR**"), which is administering this Arbitration.

---

[1]     Procedural Order No. 11, ¶¶ 10, 12.

[2]     *Id.*, ¶ 11.

13. Additionally, Respondents requested "post-judgment interest of $1,626,539.76 at 9% annually."[3]

14. Consequently, with both actual costs and interest, Respondents sought a total of $2,694,560.80 in their Costs Submission.

**D.    OWF Declines to Comment on Respondents' Costs Submission**

15. As Respondents provided their Costs Submission on December 4, 2025, OWF was obligated to provide any comments to that Costs Submission that it wished to offer no later than December 24, 2025 (or to request additional time to do so, ideally before that date).

16. Having received no communications whatsoever from OWF, the Tribunal wrote to the Parties on December 29, 2025, to:

   a.   Note that it had not received any comments from OWF to Respondents' Costs Submission; and

   b.   Request that OWF confirm that it had not sent any.

17. The Tribunal did not receive any response to that communication either.

18. The Tribunal therefore assumes that OWF has intentionally declined to comment on Respondents' Costs Submission, or has no comments to offer.

19. The Tribunal thereafter declared the hearings closed as of January 26, 2026.

**III.   RESPONDENTS ARE AWARDED COSTS, BUT NOT INTEREST**

20. In the absence of any comments from OWF, the Tribunal has conducted an independent review of the costs and interest that Respondents have requested, and determines that Respondents' requests for attorney fees, disbursements, ICDR administrative fees, and

---

[3]    It is unclear whether Respondents have sought that interest on just the amounts awarded in the Merits Award, or also on the costs it seeks now.

arbitrator compensation are both reasonable and adequately supported, but that Respondents' interest request is not proper, and must therefore be denied.

### A.    Respondents' Costs Requests Are Granted

21.    Respondents requested three general costs categories:

a.    Attorney fees;

b.    Disbursements, which included both expert costs, and transcription costs; and

c.    ICDR fees, which did not differentiate between administrative costs and arbitrator compensation.

22.    The Tribunal addresses each individual category below.

23.    With regards to attorney fees, Respondents requested the following amounts by year:

| Year | Amount |
|---|---|
| 2022 | $73,244.00 |
| 2023 | $304,048.83 |
| 2024 | $377,737.50 |
| 2025 | $8,270.00 |
| **Total** | **$763,300.33** |

24.    The Tribunal has reviewed the billing records that Respondents submitted in support of their request, and does not take issue with either the time Respondents' Counsel spent, or the hourly rates they charged, and therefore grants the amounts requested, which are reasonable under the circumstances of this matter.

25.    Respondents also requested the following total disbursement amounts, which (as Paragraph 21.b above notes) are comprised of both expert fees and transcription costs:

| Year | Amount |
|---|---|
| 2022 | $0.00 |
| 2023 | $38,980.00 |
| 2024 | $37,846.16 |
| 2025 | $0.00 |
| **Total** | **$76,826.16** |

26.    The Tribunal has also reviewed the records that Respondents submitted in support of that costs category, and views those costs as reasonable under the circumstances as well.

27.    Lastly, Respondents requested the following amounts for both ICDR administrative fees and arbitrator compensation:

| Year | Amount |
|---|---|
| 2022 | $67,262.50 |
| 2023 | $112,262.50 |
| 2024 | $5,889.50 |
| 2025 | $42,480.05 |
| **Total** | **$227,894.55** |

28.    The Tribunal offers no views as those costs, but sees nothing inherently improper about them either, given the size and complexity of the matter.

29.    Consequently, the Tribunal awards the Respondents the total amount of $1,064,598.54, for the reasons noted in Paragraph 33 below.

**B.    Respondents' Post-Judgment Interest Request Is Denied**

30.    In addition to its costs, Respondents have also requested an additional $1,626,539.76, which they characterized as "post-judgment interest."

31.    The Tribunal declines to award that request for a number of reasons.

a.    First, Respondents have offered no explanation for how they calculated that amount.

b.    Second, to the extent it constitutes interest on the amounts awarded in the Merits Award, interest should already be running on those amounts by court order, because Respondents confirmed the Merits Award in the Southern District of New York, which converted the Merits Award to a judgment of that court.

c.    Third, the interest rate that Respondents requested – the 9% per annum, which is the interest rate that New York State Courts generally impose on civil judgments – is not the rate that a federal court would apply to a civil judgment from that court.

d.    Fourth, the Tribunal would not be constrained to grant post-award interest at either of those rates in any event.[4]

32.    Accordingly, Respondents' request for post-judgment interest is denied.

**IV.    DISPOSITION**

33.    For the reasons set forth above, the Tribunal hereby awards Respondents total costs of $1,064,598.54, which is comprised of the following individual amounts:

a.    $763,300.33 in attorney fees;

b.    $76,826.16 in disbursements;

---

[4]    *See* 28 U.S.C. § 1961 (2026) (setting forth the federal post-judgment interest rate); N.Y.C.P.L.R. § 5004 (stating the New York state court post-judgment interest rate for money judgments).

c.  $37,330.05 in administrative fees paid to the ICDR; and

d.  $187,142.00 in Arbitrator compensation.[5]

34.  OWF is directed to pay those amounts to Respondents within thirty (30) calendar days of this Costs Award.

35.  All amounts stated above are in United States Dollars.

36.  Any other claims or requests not specifically addressed above are hereby rejected and/or denied on the merits.

37.  This Costs Award resolves all remaining claims, counterclaims, and issues submitted in this Arbitration, and constitutes a final award of the Tribunal on those issues.

38.  This Costs Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

39.  The Tribunal hereby certifies that, for purposes of Article I of the 1958 United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, this Costs Award was made in New York, New York, United States of America.

Dated: February 16, 2026
New York, New York

| Michele S. Riley | James P. Duffy IV | Stephen P. Gilbert |
|---|---|---|
| Michele S. Riley | James P. Duffy IV | Stephen P. Gilbert |
| Arbitrator | Tribunal Chair | Arbitrator |

---

[5] The amounts set forth in Paragraphs 33.c and 33.d reflect those amounts that the ICDR's records show the Respondents to have paid in excess of the amounts now apportioned in this Costs Award.

State of New York            )
                             )    SS:
County of New York           )


I, Michele S. Riley, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is our Final Award.


Date:  February 16, 2026                    _Michele S. Riley_____
                                                        Arbitrator

State of New York      )
                 )   SS:
County of New York    )

I, James P Duffy IV, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is our Final Award.

Date:  February 16, 2026

_____
Arbitrator

- 9 -

State of New York       )
                            )   SS:
County of Westchester   )

I, Stephen P. Gilbert, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is our Final Award.

Date:  February 16, 2026                       _____
                                             Arbitrator

- 10 -