UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONE WORLD FILTER CORPORATION,<br><br>                    Plaintiff,<br><br>                    -v.-<br><br>KOSLOW TECHNOLOGIES<br>CORPORATION, EVAN E. KOSLOW,<br>and NEW MILLENNIUM CONCEPTS,<br>LTD.,<br><br>                    Defendants. | 21 Civ. 10769 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:[1]

On October 28, 2024, a panel of three arbitrators from the International

Centre for Dispute Resolution (the "ICDR") issued a Partial Final Award that

denied Plaintiff One World Filter Corporation's claims; granted one of Koslow

Technologies Corporation and Evan E. Koslow's (collectively, "Defendants")

counterclaims; and awarded Defendants damages, fees, and costs.  (Dkt. #85-

2).  The Partial Final Award did not determine the precise amount of the costs

(defined to include attorneys' fees, disbursements, and ICDR fees), but rather

only Defendants' entitlement to them.  (Final Award ¶¶ 6-7, 20).  This Opinion

resolves that remaining component of the arbitral award to Defendants.

To review, on September 24, 2025, this Court issued an Opinion

confirming the Partial Final Award, which awarded to Defendants, among other

---

[1]     The facts set forth in this Opinion are drawn from the Defendants' submissions in
connection with their motion for summary judgment.  The Court primarily sources facts
from Defendants' Local Civil Rule 56.1 Statement (Dkt. #113-1 ("Def. 56.1")) and the
Final Award issued by the International Centre for Dispute Resolution (Dkt. #113-2
("Final Award")), as well as the Court's earlier Opinion confirming the Partial Final
Award (Dkt. #100).  Citations to Defendants' Local Civil Rule 56.1 Statement
incorporate by reference the documents cited therein.  *See* Local Civil R. 56.1(d).

things, damages of $17,346,392.00 in unpaid license fees and prejudgment interest of $726,272.00.  (Dkt. #100 at 9).  The case returned to arbitration, and the tribunal invited the parties to submit briefing on the amount of costs due to Defendants.  (*See* Final Award ¶¶ 7-10).  Defendants filed a submission, but Plaintiff submitted nothing.  (*Id.* ¶¶ 11-19).  The tribunal then conducted an independent review of Defendants' submissions and, on February 16, 2026, awarded Defendants $1,064,598.54 in costs.  (*Id.* ¶¶ 3, 20).

On April 6, 2026, Defendants moved for summary judgment seeking to confirm the Final Award of $1,064,598.54 in costs.  (Dkt. #113 (motion for summary judgment and supporting papers); *see* Dkt. #111 (Court ordering Defendants to move for confirmation of Final Award in form of motion for summary judgment (citing *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (stating that proceedings to confirm arbitration award must be "treated as akin to a motion for summary judgment"))).  On May 28, 2026, Plaintiff notified the Court that it would not oppose Defendants' motion.  (Dkt. #114 ("[Defendants'] motion will proceed without opposition from Plaintiff.")).  For the reasons set forth below, the Court grants Defendants' motion to confirm the Final Award.

### DISCUSSION

### A.    Applicable Law

#### 1.    Confirmation of Arbitration Awards

In the Second Circuit, the confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final

arbitration award a judgment of the court." *Florasynth, Inc.* v. *Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). Accordingly, a court's inquiry is narrow in scope: it is obligated to confirm an arbitration award "if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Barbier* v. *Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). Indeed, "[o]nly 'a barely colorable justification for the outcome reached' by the arbitrators is necessary [for the court] to confirm [an] award." *Id.* (quoting *Landy Michaels Realty Corp.* v. *Loc. 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

### 2.    Summary Judgment Under Federal Rule of Civil Procedure 56

Courts in the Second Circuit typically treat an unopposed motion to confirm an arbitration award as a motion for summary judgment. *D.H. Blair & Co.*, 462 F.3d at 109; *see also, e.g.*, *INTE Secs., LLC* v. *Skybell Techs., Inc.*, No. 23 Civ. 3241 (KPF), 2024 WL 757332, at *4 (S.D.N.Y. Feb. 23, 2024); *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund* v. *Ideal Interiors, Inc.*, No. 23 Civ. 5110 (KPF), 2023 WL 7005229, at *3-4 (S.D.N.Y. Oct. 24, 2023). Accordingly, when faced with such a motion, a court must determine — drawing "all justifiable inferences" in favor of the nonmoving party, *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) — whether "no genuine dispute [of] any material fact" exists as to the legitimacy of the subject arbitration award and whether "the movant is entitled to judgment as a matter of law" in accordance with Federal Rule of Civil Procedure 56(a), Fed. R. Civ. P. 56(a). A fact is material if it "might affect the

3

outcome of the suit under the governing law," and it is genuinely disputed "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Even where a motion for summary judgment is unopposed, summary judgment may still be denied "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production[.]" *Vt. Teddy Bear Co., Inc.* v. *1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Further, in determining whether an unchallenged movant has met its burden, "the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement." *Id.* Rather, the court "must be satisfied that the citation to evidence in the record supports the [movant's] assertion." *Id.*

## B.    Analysis

Section 9 of the Federal Arbitration Act directs the Court to confirm the Final Award unless there are grounds to vacate, modify, or correct it. 9 U.S.C. § 9. The Court has identified none.

In the Partial Final Award, the arbitral tribunal set the stage to later determine the precise costs to which Defendants were entitled. (Final Award ¶¶ 6-7; *see* Def. 56.1 ¶ 7). Then, in the Final Award, the tribunal made this specific determination — and in doing so acted within its powers under the parties' arbitration agreement. (Def. 56.1 ¶ 8; Final Award ¶ 1; *see* Dkt. #100 at 6 (describing the parties' arbitration agreement)). The evidence in the record — namely, the Final Award — clearly demonstrates that Defendants are

4

entitled to $1,064,598.54 in costs.  There is no genuine dispute of material fact on this point.  Indeed, Plaintiff abstained from the arbitral tribunal's cost-calculation process, and the tribunal concluded from that abstention that Plaintiff had either "intentionally declined to comment on [Defendants]' Costs Submission, or ha[d] no comments to offer."  (Final Award ¶ 18).  Before this Court, Plaintiff explicitly reaffirmed its desire not to participate in the process of confirming the Final Award.  (Dkt. #114).  Defendants have met their burden of production, *see Vt. Teddy Bear Co., Inc.*, 373 F.3d at 244, and this is not one of those "very unusual circumstances" where vacatur is justified, *First Options of Chi., Inc.* v. *Kaplan,* 514 U.S. 938, 942 (1995).  Accordingly, the Court will confirm the Final Award of $1,064,598.54 in costs.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and the Final Award is confirmed.  The Clerk of Court is directed to enter judgment against One World Filter Corporation and in favor of Koslow Technologies Corporation and Evan E. Koslow in the amount of $19,137,262.54, reflecting $17,346,392.00 in unpaid license fees, $726,272.00 in prejudgment interest, and $1,064,598.54 in costs.

The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:      June 18, 2026
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge